UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62043-CIV-SMITH

DAVEFLORE CHARLEMAGNE,

    Plaintiff,

v.

SAMANTHA ALIBAYOF and
NICOLE ALIBAYOF,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Plaintiff's Motion for Partial Summary Judgment [DE 124], Defendants' Response [DE 132], and Plaintiff's Reply [DE 137]. Also before the Court are Defendant Nicole Alibayof's Motion for Summary Judgement [DE 130], Plaintiff's Response [DE 147], and Defendant Nicole Alibayof's Reply [DE 150]. This action arises from an automobile accident. Defendant Samantha Alibayof was driving Defendant Nicole Alibayof's vehicle when it struck Plaintiff's vehicle. Plaintiff seeks partial summary judgment against both Defendants on liability. Defendant Nicole Alibayof seeks summary judgment based on an Offer of Settlement served on and accepted by Samantha Alibayof and its effect on Nicole Alibayof's liability under Florida law. For the reasons that follow, Plaintiff's Motion is granted and Defendant Nicole Alibayof's Motion is denied.

**I.     MATERIAL FACTS[1]**

On March 22, 2019, Plaintiff was driving eastbound on Hallandale Beach Boulevard. Defendant Samantha Alibayof was driving west on Hallandale Beach Boulevard in a car leased by Defendant Nicole Alibayof. Nicole Alibayof authorized and consented to Samantha Alibayof driving Nicole Alibayof's leased vehicle. Samantha Alibayof made a left turn from the westbound lanes and hit Plaintiff's vehicle in the eastbound lanes. (Pl. Dep. [DE 125-2] 29:2-5; 33:9-24.) Plaintiff had a green light and was proceeding through the intersection when Samantha Alibayof made the left turn and struck Plaintiff's vehicle. (Pl. Dep. 33:10-24.) Samantha Alibayof made the left turn without first looking to see if there was oncoming traffic. (S. Alibayof Dep. [DE 125-3] 54:3-7.) Samantha Alibayof testified that her failure to yield to Plaintiff caused the collision between the two vehicles. (*Id.* at 84:18-23.)

Plaintiff testified that at the time of the accident she was wearing her seatbelt. (Pl. Dep. [DE 132] 32:15-19.) According to Plaintiff, she does not know the speed limit in the area of the accident, and she does not know how fast she was traveling at the time of the accident. (*Id.* at 31:25-32:12.) Plaintiff elaborated that she "wasn't going particularly fast . . . It had to have been at least under the speed limit, though, because I'm not - - I'm too scared to - - drive fast." (*Id.* at 32:5-14.) Plaintiff did not see Samantha Alibayof's vehicle until after it hit her. (*Id.* at 34:7-9.)

As a result of the accident, Plaintiff was injured and required surgery on her ankle. She also suffered a concussion and a laceration to her left arm. Since the accident, Plaintiff has pain in her right leg, her ankle, and her back and suffers from severe headaches and some dizziness. As a result of the concussion, she has some memory loss, has some balance issues, and sometimes

---

[1] The Court omits citations to the record when a fact is undisputed. Defendants did not file a Statement of Material Facts in response to Plaintiff's Statement of Material Facts. Therefore, pursuant to Local Rule 56.1(c), Plaintiff's material facts that are supported by properly cited record evidence are deemed admitted.

struggles with her speech.

On October 7, 2020, Plaintiff filed her Complaint against Defendants. The first count of the Complaint alleges a claim in negligence against both Defendants based on their negligent operation or maintenance of the vehicle. The second count of the Complaint alleges a claim for strict liability based on the dangerous instrumentality doctrine against Nicole Alibayof.

On October 26, 2021, Plaintiff's counsel served a First Offer of Settlement on Samantha Alibayof, offering to resolve all claims against Samantha Alibayof for $375,000. On November 24, 2021, Samantha Alibayof filed a Notice of Acceptance of First Offer of Settlement to Defendant Samantha Alibayof [DE 117]. Plaintiff's Declaration [DE 148-2], submitted in opposition to Defendants' Motion, states that Plaintiff did not authorize her attorney to propose a settlement offer for less than $750,000, she did not authorize the terms of the First Offer of Settlement, she has not recovered any funds from either Defendant, she has not ratified the unauthorized Offer of Settlement, and she has instructed her attorney to return a check sent to his office pursuant to the unauthorized Offer of Settlement.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

## III. EVIDENTIARY ISSUES

### A. The Videos

In support of her Motion, Plaintiff has submitted three videos: a surveillance video that captured the collision and two videos from body cameras worn by Sheriff's Officers who responded to the crash seen. Defendants object to consideration of the videos at this stage, arguing, without citing any authority, that they are inadmissible hearsay.

The surveillance video contains no sound; it merely depicts images caught on camera. Under the Federal Rules of Evidence, a video with no sound does not fall within the definition of "hearsay." Federal Rule of Evidence 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." The Rule defines "declarant" as "the person who made the statement," Fed. R. Evid. 801(b), and defines "statement" as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion," Fed. R. Evid. 801(a). Thus, based on these definitions, a soundless video does not qualify as hearsay.

4

*See United States v. Clotaire*, 963 F.3d 1288, 1295 (11th Cir. 2020), *cert. denied,* 141 S. Ct. 1743 (2021) ("Surveillance cameras are not witnesses, and surveillance photos are not statements.") Thus, the Court may consider the surveillance video at summary judgment. The body camera videos can be reduced to admissible form at trial, as required by Federal Rule of Civil Procedure 56(c)(2). The videos can either be qualified as business records or Plaintiff can call the officers who wore the body cameras as witnesses. The videos may be considered at the summary judgment stage.

The surveillance video shows Samantha Alibayof's vehicle approach the intersection in the left turn lane, turn without stopping at the intersection, and her vehicle colliding with Plaintiff's vehicle. The body camera videos are not relevant to the issues currently pending.

**B.     The Expert Report of William Scott**

In opposition to Plaintiff's Motion, Defendants have submitted the expert report of William Scott [DE 132 at 272-286] (the "Report"). Plaintiff argues that the Report cannot be considered at summary judgment because it is unsworn. The Eleventh Circuit has noted:

> Only "pleadings, depositions, answers to interrogatories, and admissions *on file,* together with *affidavits*" can be considered by the district court in reviewing a summary judgment motion. Fed. R. Civ. P. 56(c) (emphasis added). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters related therein." Fed. R. Civ. P. 56(e). Unsworn statements "do[ ] not meet the requirements of Fed. Rule Civ. Proc. 56(e)" and cannot be considered by a district court in ruling on a summary judgment motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158 n.17, 90 S. Ct. 1598, 1608–09 n.17, 26 L. Ed. 2d 142 (1970). Because the preliminary report was submitted without attestation, it had no probative value and properly was not considered by the district judge in ruling on the officers' summary judgment motions.

*Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003), *as amended* (Sept. 29, 2003). Thus, at summary judgment, it is improper to consider the unsworn Report of Defendants' expert.

### IV. DISCUSSION

#### A. Defendant Nicole Alibayof's Motion for Summary Judgment

Nicole Alibayof seeks summary judgment on the claims against her on two grounds. First, Nicole Alibayof argues that she cannot be liable for an amount more than the active tortfeasor, Samantha Alibayof; her liability is joint and several with the active tortfeasor; and the active tortfeasor has accepted an offer of settlement and made payment in full. Thus, Plaintiff has been paid in full by the active tortfeasor. Second, Nicole Alibayof argues that she is entitled to summary judgment because under section 324.021(9)(b)(3), Florida Statutes, her liability is limited to $100,000, which is set off by the $375,000 paid by Samantha Alibayof pursuant to the Offer of Settlement. In response, Plaintiff argues that Nicole Alibayof cannot raise section 324.021(9)(b)(3), Florida Statutes, now because it is an unpled affirmative defense. Plaintiff also opposes summary judgment because the Offer of Settlement is null and void because she never authorized her attorney to make the Offer of Settlement and she has not ratified it.

Section 324.021(9)(b)(3) places a statutory cap on damages under certain circumstances:

> The owner who is a natural person and loans a motor vehicle to any permissive user shall be liable for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage. If the permissive user of the motor vehicle is uninsured or has any insurance with limits less than $500,000 combined property damage and bodily injury liability, the owner shall be liable for up to an additional $500,000 in economic damages only arising out of the use of the motor vehicle. The additional specified liability of the owner for economic damages shall be reduced by amounts actually recovered from the permissive user and from any insurance or self-insurance covering the permissive user. Nothing in this subparagraph shall be construed to affect the liability of the owner for his or her own negligence.

Fla. Stat. § 324.021(9)(b)(3). Nicole Alibayof had insurance coverage that would bring her within the coverage of section 324.021(9)(b)(3).

Plaintiff argues that Nicole Alibayof cannot raise section 324.021(9)(b)(3) now because

6

she failed to plead it as an affirmative defense. Section 324.021(9)(b)(3), however, is not an affirmative defense. *Lynn v. Feldmeth*, 849 So. 2d 481, 483 (Fla. 2d DCA 2003) (holding that section 324.021(9)(b)(3)'s "statutory damage cap is not an affirmative defense because it does not, in whole or in part, bar or void the cause of action"). Thus, Nicole Alibayof has not waived her right to assert the damage cap by failing to plead it as an affirmative defense.

Plaintiff next opposes summary judgment in favor of Defendants on the grounds that Nicole Alibayof has not established that the statute applies in this case because Plaintiff has not "actually recovered from the permissive user." More specifically, Plaintiff maintains that the Offer of Settlement accepted by Samantha Alibayof was made by Plaintiff's attorney without Plaintiff's authorization and, therefore, is null and void. Nicole Alibayof responds that this claim is not credible given the relationship between Plaintiff and her attorney.[2] While that may be true, at the summary judgment stage, the Court cannot make credibility determinations. Nicole Alibayof further responds that the record evidence undermines Plaintiff's claim that the Offer of Settlement was not authorized. Plaintiff, however, has submitted her sworn declaration stating that she did not authorize the Offer of Settlement and has not ratified it. Thus, there is a genuine issue of material fact as to whether the Offer of Settlement is valid. Therefore, the Court cannot grant summary judgment if a valid and accepted Offer of Settlement is necessary for the granting of summary judgment. For the same reason, Nicole Alibayof's other basis for summary judgment fails — Plaintiff has been paid in full by the active tortfeasor. Consequently, Defendant Nicole Alibayof's Motion for Summary Judgment is denied.

### B. Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for summary judgment against Nicole Alibayof under the dangerous

---

[2] Plaintiff and her attorney are engaged to be married.

instrumentality doctrine. In their response, Defendants agree that Plaintiff is entitled to summary judgment against Nicole Alibayof under this doctrine. Given that Defendants concede that summary judgment is appropriate the Court will not address this issue further. Defendants, however, argue that Nicole Alibayof's liability is solely vicarious and thus her liability is limited by the extent, if any, of the liability of Samantha Alibayof. Plaintiff moves for summary judgment based on her dangerous instrumentality claim. The dangerous instrumentality doctrine is a form of vicarious liability, not a form of direct liability. *See Rippy v. Shepard*, 80 So. 3d 305, 306 (Fla. 2012) (noting that "Florida's dangerous instrumentality doctrine imposes vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another." (citation omitted)). Plaintiff has not moved for summary judgment on her claim of direct negligence against Nicole Alibayof. Therefore, the Court will not address it here because the issue is not currently before the Court.

Plaintiff also moves for summary judgment against Samantha Alibayof on the issue of liability. Plaintiff argues that the evidence establishes that Samantha Alibayof negligently operated the vehicle by failing to yield to oncoming traffic when turning left. Defendants respond that negligence is an issue for the jury. To establish that she is entitled to summary judgment, Plaintiff must show: "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) an injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of the injury." *Paterson v. Deeb*, 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985). Plaintiff has established all four elements of her claim.

Samantha Alibayof owed Plaintiff a duty of care in the operation of the vehicle she was driving. *See Miami Paper Co. v. Johnston*, 58 So. 2d 869, 871 (Fla. 1952) ("The general rule . . . is that one manipulating a motor vehicle on the highway, whether backing, starting, or proceeding ahead, must exercise reasonable care, circumstances being the guide as to what constitutes

8

reasonable care."); Fla. Stat. § 316.1925(a) ("Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person. Failure to drive in such manner shall constitute careless driving and a violation of this section."). Defendants do not present any facts that would raise a genuine issue of material fact as to whether Samantha Alibayof owed Plaintiff a duty of care.

Samantha Alibayof breached her duty of care to Plaintiff by not operating the vehicle she was driving in accordance with Florida Statutes. Section 316.075(1)(a), Florida Statutes, states that a vehicle with a green light, "including vehicles turning right or left, shall yield the right-of-way to other vehicles . . . lawfully within the intersection . . . at the time such signal is exhibited." Additionally, section 316.122, Florida Statutes, states that "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right-of-way to any vehicle approaching from the opposite direction." Samantha Alibayof testified that she failed to yield to oncoming traffic when she entered the intersection and turned left and that her failure to yield caused the collision with Plaintiff. Defendants argue that, while violation of a traffic statute constitutes evidence of negligence, it is not conclusive evidence of negligence. Defendants, however, have failed to put forth any evidence raising a genuine issue of material fact as to whether Samantha Alibayof breached her duty of care owed to Plaintiff.

Samantha Alibayof proximately caused Plaintiff's injuries. While Defendants have raised the affirmative defense of contributory negligence based on Plaintiff's alleged failure to wear her seatbelt, there is no evidence that Plaintiff was not wearing her seatbelt, other than the unattested to Report of William Scott. Defendants have not pointed to any other record evidence indicating that Plaintiff was not wearing her seatbelt. In fact, the only record evidence the Court can consider

9

at summary judgment is Plaintiff's testimony that she did have her seatbelt on. Defendants similarly argue that summary judgment cannot be entered because there are genuine issues of material fact as to whether Plaintiff was negligent in her driving. In support, Defendants point to Plaintiff's testimony that she did not know the speed limit in the area of the accident, she did not know how fast she was traveling at the time of the accident, and she never saw Samantha Alibayof's vehicle prior to the accident. However, the only record evidence regarding Plaintiff's speed is her testimony that she was driving under the speed limit because she is too scared to drive fast. Thus, Defendants have failed to establish a genuine issue of material fact as to causation.

As a result, of Samantha Alibayof's actions, Plaintiff suffered injuries. Defendants do not dispute that Plaintiff was injured. Thus, Plaintiff has established the elements of negligence against Samantha Alibayof. Consequently, Plaintiff's Motion on the issue of Samantha Alibayof's liability is granted. This does not preclude Defendants from raising the issue of comparative negligence at trial; it simply precludes Defendants from arguing that Samantha Alibayof was not negligent.

Accordingly, it is

**ORDERED** that:

1. Defendant Nicole Alibayof's Motion for Summary Judgement [DE 130] is **DENIED.**

2. Plaintiff's Motion for Partial Summary Judgment [DE 124] is **GRANTED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 29th day of April, 2022.

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record